# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re<br><br>Joselyn McQueen Smith<br>*aka* Joselyn D Smith<br>*aka* Joselyn Denise Smith<br>*aka* Joselyn Deneese Smith<br>*fka* Joselyn Denise McQueen,<br><br>Debtor. | Case No. 21-00744-DD<br><br>Chapter 13<br><br>**ORDER** |

This matter comes before the Court to consider confirmation of Debtor's April 28, 2021, chapter 13 plan. Wilmington Savings Fund Society, FSB d/b/a Christiana Trust as Trustee for PNPMS Trust II ("Wilmington") filed on objection on May 28, 2021, and Debtor filed a response on June 20, 2021. The Court held a hearing on September 27, 2021. Present at the hearing were Debtor, her husband Olin Smith, and counsel for Debtor and for Creditor. Based on the record and arguments presented to the Court, Wilmington's objection is overruled, and the plan filed on April 28, 2021, is confirmed.

Debtor filed her voluntary chapter 13 petition and schedules on March 17, 2021. In her schedules, Debtor stated that she resides at the property located at 105 Smith Lane, Cheraw, SC (the "Property"). The plan provides that the Property has a value of $24,300. According to the plan, there are two mortgages encumbering the Property, the first to NewRez LLC dba Shellpoint Mortgage Serv. ("NewRez") in the amount of $20,500.19[1], and the second to Wilmington in the amount of $20,415.00[2]. A judgement lien in favor of Midland Funding also encumbers the

---

[1] NewRez filed a proof of claim in the amount of $20,843.60.
[2] Wilmington filed a proof of claim in the amount of $17,481.99.

Property but is proposed to be treated as an unsecured claim.[3] Debtor intends to maintain current installment payments on the NewRez mortgage. In terms of the Wilmington mortgage, Debtor estimated the secured amount of the claim to be $3,456.40 to be paid with an interest rate of 5.25%. This is based on the value of the Property less the NewRez mortgage. The plan proposes to bifurcate Wilmington's claim into a secured and an unsecured claim.

Wilmington objects that the plan cannot bifurcate its claim because of 11 U.S.C. § 1322(b)(2), as it is secured by a principal residence. Alternatively, it argues that the valuation of the residence is too low and that its claim is fully secured. Debtor responds that 11 U.S.C. § 1322(c)(2) permits bifurcation and 11 U.S.C. § 1325(a)(5) treatment because the loan matured on February 26, 2007.

The confirmation hearing was continued twice before, once at Wilmington's insistence because a property appraisal had not been received. Wilmington asked for a further continuance, again because it had not received an appraisal. The request was denied as the debtor and other creditors in interest would be adversely affected. At hearing, Debtor and Olin Smith testified regarding the value of the Property. Debtor, the owner of the Property, stated her opinion that the property was worth $24,300 and based her opinion on the Chesterfield County tax assessment[4] and the condition of the Property. The tax assessment and the tax notice were admitted into evidence, without objection, and support this value. "The law is clear that an owner is competent to give her opinion of the value of her own property, as provided by the Federal Rule of Evidence 701." Barry Russell, Bankruptcy Evidence Manual, § 701:2 (2020-21 ed.); *see also*

---

[3] Midland Funding filed a proof of claim in the amount of $488.30 based upon the judgment and seeking treatment as a general unsecured claim.

[4] County tax appraisals may not significantly contribute to the weight given the owner's opinion (as opposed to market appraisals or personal knowledge of comparable sales). Here, the absence of other evidence and the extensive testimony on the condition of the Property contribute to supply sufficient weight to the opinion.

*Justice v. Pennzoil Co.*, 598 F.2d 1339 (4th Cir. 1979) ("a landowner's opinion concerning the value of his land is certainly admissible"); *Whisenhunt v. James Island Corp.*, 277 S.C. 10, 13, 281 S.E.2d 794, 796 (1981) ("a property owner, who is familiar with his property and its value, may give his estimate as to its value or the damage inflicted upon it even though he is not otherwise an expert").

Photographs of the home were admitted into evidence to show the condition of the Property and reflect water and structural damage. Debtor also testified to major roof and water damage from a storm. Debtor's husband, Olin Smith, who also lives at the Property, testified that he built the home himself about 40 years ago using salvaged building materials that were then nearly 60 years old. Mr. Smith has never had a contracting license or a similar building certification and admitted that the home was not built to code. There is no proper foundation, and the salvaged lumber includes rough sawn boards from an older house and barn. He testified to problems with the structural integrity of the house, to termite damage, and to the storm damage.

Counsel for Creditor, through no fault of her own, has been unable to obtain an appraisal of the house from her client and did not present any evidence of value. She did cross examine the witnesses. The only evidence before the Court is of a value of $24,300, which the Court finds credible.

The other issue is whether Debtor can bifurcate Wilmington's claim. In *Hurlburt v. Black*, the Court of Appeals for the Fourth Circuit overturned its decision in *In re Witt*, 113 F.3d 508 (4th Cir. 1997), to conform with other circuits in holding that the statutory exception to the anti-modification provision of section 1322(b)(2) permits a chapter 13 debtor to bifurcate undersecured principal residence mortgages that mature prior to completion of the plan payments. *Hurlburt v. Black*, 925 F.3d 154 (4th Cir. 2019). "[T]he plain language of Section

3

1322(c)(2) exempts from Section 1322(b)(2)'s anti-modification provision claims based on undersecured homestead mortgages for which 'the last payment on the original payment schedule ... is due before the date on which the final payment under the plan is due,' and therefore allows bifurcation of such claims into secured and unsecured components." *Id*. at 164.

Wilmington's claim is based on a second mortgage on the Property. The loan matured before the bankruptcy was filed and thus before the proposed final plan payment. The property has a value of $24,300, NewRez's allowed claim is $20,843.60, and the secured claim of Wilmington is limited to $3,456.40. The balance of the Wilmington claim is unsecured.

Wilmington's objection is overruled, and Debtor's April 28, 2021, plan is confirmed.

IT IS SO ORDERED.

**FILED BY THE COURT**
**09/30/2021**



David R. Duncan
US Bankruptcy Judge
District of South Carolina

Entered: 09/30/2021